IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
FEB 27 2020
Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. ERIC DUFRESNE, Defendant. | CR 12–48–M–DLC ORDER |

Before the Court is Defendant Eric Dufresne's Motion to Terminate Remainder of Supervised Release. (Doc. 32.) The Government opposes this Motion. (Doc. 34.) For the reasons that follow, Dufrene's motion will be granted.

**Background**

After Dufresne pled guilty to possession of child pornography, the Court sentenced him to 18 months in custody followed by fifteen years of supervised release. Dufresne began serving his term of supervision on September 15, 2014. (*Id.* at 2.) Since that time, Dufresne has satisfied his restitution obligations, completed sex-offender treatment, and has met the remaining terms of his supervision without incident. (*Id.* at 7.)

1

## Discussion

A court may release a defendant from a previously ordered term of supervision so long as the defendant has completed at least one year of supervised release. 18 U.S.C. § 3583(e)(1). In deciding whether early termination is appropriate, a court is instructed to consider the factors found at 18 U.S.C. § 3553(a). *Id.* This includes: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" (a) "to afford adequate deterrence to criminal conduct," (b) "to protect the public from further crimes of the defendant," and (c) "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" (3) "the kinds of sentence and the sentencing range established for the applicable category of offense" as set forth in the Sentencing Guidelines; (4) "any pertinent policy statement issued by the Sentencing Commission"; (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (6) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). A court "enjoys discretion to consider a wide range of circumstances when considering whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (citations omitted). A defendant bears the burden to show that such course of action is justified. *Id.* at

2

824.

Dufresne contends that a review of these factors, in light of the significant progress he has made since his release, supports early termination. (*Id.* at 4–10.) The Government responds that Dufresne's mere compliance with the conditions of his supervised release—which is expected of all supervisees—is insufficient to justify early termination. (Doc. 34 at 3.) While the Government is correct that early termination requires more than mere compliance, for example it is appropriate where a defendant demonstrates "exceptionally good behavior," *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)), the Court believes that wholistic review of the above listed factors supports early termination.

Turning to the first factor, the Court considers the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Government notes that the offense conduct—possession of child pornography—is serious and the Court agrees. (*Id.* at 4.) Dufresne received an 18-month term of imprisonment in recognition of the seriousness of his conduct. The Government points out that this Court has already demonstrated considerable leniency by sentencing Dufresne to 18 months, which is a significant downward variance from the Guidelines range of 78 to 97 months. (*Id.* at 6.)

3

However, the facts that supported granting a variance also bear here in terms of evaluating the "history and characteristics of the defendant."

Significantly, Dufresne has no prior criminal history, he has significant family support, both from his wife and children, he has a remarkably stable employment history, and Dr. Scolatti has consistently characterized Dufresne as a low risk to reoffend. (Doc. 33 at 7, 13.) In fact, Dr. Scolatti, who conducted Dufresne's initial psycho-sexual evaluation in preparation for sentencing, recommended that Dufresne was a suitable candidate for a probationary sentence. (Doc. 29 at 14.) Now, having worked with Dufresne over the past five years, Dr. Scolatti's belief that early termination is appropriate at this juncture carries significant weight.

Dr. Scolatti also noted that Dufresne has considerable family support and that he has trained five members of Dufresne's family as "chaperones." (Doc. 33 at 13.) Although Dufresne's relationship with his wife of more than twenty years went through a hard period after he was indicted, (Doc. 29 at 13), he now describes that their relationship is "stronger than ever." (Doc. 33 at 14.) He writes, "She holds me accountable and has been very clear about her expectations" and the two "look forward to a long healthy marriage." (*Id.*) Dufresne continues to receive support and encouragement from his parents, his in-laws, friends, and his two adult children. (*Id.* at 14–15.)

Dufresne has demonstrating his commitment to bettering his situation through his remarkably stable and positive employment history. After release from custody, Dufresne was hired as a cook at a local restaurant. (*Id.* at 14.) Five years later, he is now a manager and works for that company at two of its locations. (*Id.* at 16.) The owner of that company describes him as a trusted friend, a "valued employee," and praises his "great work ethic and positive attitude." (*Id.* at 8, 16.) Dufresne explains that his success stems from "working hard every day." (*Id.* at 14.)

Finally, Dufresne has no other criminal infractions on his record. After considering all of the above, the Court concludes that this first factor weighs in favor of early termination.

Turning to the next factor, the Court will consider the need for the sentence to deter future criminal conduct, protect the public, and provide the defendant with educational, training or medical care. 18 U.S.C. § 3553(a)(2)(B), (C), (D). The need for specific deterrence has already been served. After his criminal behavior was brought to light, Dufresne began treatment through which he developed an understanding of how his conduct victimized children and developed a sense of empathy for the victims of child pornography. (*See* Doc. 29 at 9.) Dufresne has expressed his commitment to starting a new chapter of his life, one that avoids causing similar future harm. (*See* Doc. 33 at 14.) As for public protection, as

already noted, Dr. Scolatti deems Dufresne a low risk to reoffend. (*Id.* at 13.) This conclusion is bolstered by the fact that Dufresne has had no incidents during supervision. (*Id.* at 7.) He has passed every polygraph test given to him and has successfully used technology only in appropriate and approved ways. The Court is convinced that the public is now safe from Dufresne's crimes. Finally, Dufresne recently informed the Court that he has received an offer to work on a fishing boat in Alaska this summer that would result in a considerable increase to his earning potential and provide him with a new skillset. (Doc. 37 at 11.) Dufresne describes this opportunity as one that would "change my family's life." (*Id.*) Given the remoteness of the location and the demands of the job, Dufresne cannot pursue this opportunity while remaining on supervision. The final consideration, the need for the sentence to serve the defendant's educational or training needs, is undermined by keeping Dufresne on supervision at this point. Accordingly, this factor weights in favor of early termination.

The next factor asks the Court to consider the relationship between early termination and the sentencing range established under the Sentencing Guidelines. 18 U.S.C. § 3553(a)(4). Under the Guidelines, Dufresne faced a possible term of supervision of five years to life. (Doc. 29 at 17.) Although Dufresne was initially sentenced to a 15-year term of supervision and has served only one third of that term, he has met the minimum 5-year requirement under the Guidelines.

The Court finds this factor to be neutral.

The Court is also instructed to consider any "pertinent policy statements." 18 U.S.C. § 3553(a)(5). The policy statement under Application Note 5 of § 5D1.2 of the Guidelines encourages courts to award early supervision where a defendant "successfully completes a treatment program, thereby reducing the risk to the public from further crimes of the defendant." Dufresne has successfully completed a rigorous 250 hour treatment course consisting of both group and individual therapy. (Doc. 33 at 12.) Dr. Scolatti reports that Dufresne thrived in treatment. He writes, "Dufresne was an active group member. His assignments were thoughtful and thorough, and he appeared to gain considerable insight regarding his thoughts, feelings and actions" concerning his crimes. (*Id.*) Importantly, Dr. Scolatti notes that Dufresne "developed the skills necessary to prevent any relapse in the future" and developed a "substantial level of empathy for the victims of child pornography." (*Id.*) This factor supports early termination.

The next factor, the need to avoid unwanted disparities amongst similarly situated defendants, is neutral. 18 U.S.C. § 3553(a)(6). When considering whether early termination is appropriate, a court looks to numerous factors pertinent to the defendant's post-sentencing conduct. Because such factors are often highly particular to the facts and circumstances of each case, the Court is

7

doubtful that an outcome in one defendant's case is likely to be probative of the right result in another. Although Dufresne notes that Winston Davenport was recently released from a lifetime term of supervision by Judge Molloy, without being privy to all of the unique circumstances present in Mr. Davenport's case, the Court is not prepared to conclude that Mr. Davenport is a similarly situated defendant. The Court finds this factor to be neutral.

The final factor, "the need to provide restitution to any victims," favors early release. 18 U.S.C. § 3553(a)(7). Dufresne has already met his full restitution obligations. Weighing the factors, the Court concludes that Dufresne has met his burden to show the relatively unique circumstances necessary to warrant early termination.

IT IS ORDERED that Dufresne's Motion (Doc. 32) is GRANTED. Dufresne shall be released from the remainder of his term of supervised release.

DATED this 27th day of February, 2020.

Dana L. Christensen, Chief District Judge
United States District Court